United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
A.L. Damman Co.,                                               Case No. 04-40700-R
                   Debtor.                              Chapter 11
_____/

Opinion Regarding Motion to Compel Compliance with Plan

This matter is before the Court on the debtor's motion to compel Ace Hardware to comply with the confirmed plan. The Official Committee of Unsecured Creditors filed a concurrence in the motion. Ace Hardware filed an objection. The Court conducted a hearing on the motion on October 11, 2005, and took the matter under advisement.

I.

The debtor filed for chapter 11 relief on January 12, 2004. At the time of the petition, Ace Hardware had an unsecured claim of $2,399,000. The debtor determined that its best strategy for reorganizing in chapter 11 would be to convert its remaining stores to Ace Hardware stores. The debtor and Ace negotiated a plan under which Ace would provide assistance for conversion of the debtor's stores to Ace stores and the Ace claim would be treated as a secured claim to be repaid in full over 48 months after confirmation.

The debtor filed its plan on May 28, 2004. The plan was confirmed on July 12, 2004. The plan provided that ten of the debtor's 12 stores would be converted to Ace stores. Ace was to provide each of the stores with $185,000 in credit for opening merchandise, which would be forgiven 6 months after the

conversion, and an additional $185,000 in opening merchandise on 15 days' credit. These incentives were referred to in the plan as the "branching out incentives." Ace was also to provide the debtor with free store planning and conversion assistance, referred to as "visual merchandisers," valued at $16,500 per store.

The plan provided that the repayment of the Ace claim as a secured claim was contingent upon the conversion of the 10 stores, the receipt by the debtor of the branching out incentives, the receipt by the debtor of the visual merchandisers and an agreement between the debtor and Ace for additional post-petition credit for inventory purchases.

On April 11, 2005, the debtor and Ace entered into an agreement whereby Ace purchased six of the debtor's stores. The purchase consideration included a release by Ace of its claims against the debtor and payment of $5,557,000 in cash. As part of the transaction, the debtor and Ace entered into a letter agreement dated April 12, 2005, pursuant to which Ace agreed to extend up to $50,000 in merchandise credit per store for each of the remaining six stores. (See Ace's Response, Ex. 4.) The letter also set forth the order for converting the remaining six stores to Ace stores, and provided that Ace's extension of credit to the debtor could be reduced or suspended in the event any of the payments were not made when due or in the event of a further decline in the debtor's financial position.

II.

In support of its motion, the debtor contends that Ace has not satisfied the conditions required in order for its claim to be secured. Specifically, the debtor contends that Ace has not provided the branching out incentives, has not provided the visual merchandisers, and has refused to discuss with the debtor credit for inventory purchases.

2

The debtor contends that Ace's claim was satisfied as a secured claim in anticipation that Ace would comply with the plan requirements. The debtor argues that because Ace failed to satisfy the conditions for its treatment as a secured claim holder, its claim is not secured. The debtor asserts that it paid Ace $271,671.53 under the terms of the plan and also permitted Ace to set off its $2,137,101 claim against the purchase price owed by Ace to the debtor for six of the debtor's stores. Therefore, by this motion, the debtor seeks reimbursement from Ace of $2,408,772.40.

The debtor argues that Ace is attempting a modification of the plan, which is improper because the plan could only have been modified under 11 U.S.C. § 1127(b), the requirements of which were never satisfied.

Ace contends that the provisions in the plan regarding Ace's claim and the parties' respective obligations were supplanted by the sale of six of the debtor's stores to Ace on April 11, 2005. Ace asserts that it was given credit in the purchase price for its claims against the debtor and its credit was not conditioned on any future incentives to be provided by Ace. Ace asserts that the purchase price, including the set offs were determined to be fair and reasonable at the time of the sale, and there is no basis for the Court to order a return of any funds to the debtor. Ace argues that its obligations to the debtor are completely governed by the sale documents, not the plan of reorganization. Ace contends that the sale order sets forth the parties' agreements regarding future credit and incentives to be made available to the debtor. Thus, Ace contends, the provisions in the debtor's plan with respect to Ace are irrelevant.

III.

The Court concludes that there is no basis for the Court to order Ace to return the funds in question

to the debtor. The terms of the sale agreement specifically provide:

> **Purchase Consideration.** The consideration for the Purchased Assets and the Covenant set forth in Section 20 hereof (the "Purchase Consideration") shall consist of: (I) *all indebtedness of any kind owed by Seller to Purchaser*, . . . as of the date hereof including, without limitation: (A) the remaining balance owed to Purchaser pursuant to two (2) Notes dated August 2, 2004 in the original principal amounts of $556,172.98 and $1,843,600.37 (the "Notes"), (B) trade accounts payable (on the part of the Seller) /receivable (on the part of the Purchaser) of approximately $763,891.98 . . . , and (C) all disputed amounts owed to Purchaser for visual merchandising services previously provided to Seller totaling approximately $195,800, and (ii) cash in the amount of Five Million Five Hundred Fifty Seven Thousand and 00/100s ($5,557,000).

(See Ace's Response, Asset Purchase Agreement, Ex. 1 at 2, § 2.) (emphasis added).

The credit that Ace received in the sale price for its debt was not conditioned upon Ace providing the branching out incentives to render the debt secured. Rather, Ace was credited the entire amount of its indebtedness "of any kind" owed by the debtor to Ace. This was not an invalid modification of the confirmed plan any more than the sale itself was a modification of the plan. The parties simply entered into a new and different agreement. The debtor now seeks to condition the sale agreement on satisfaction of terms in the plan. This was plainly not contemplated in the sale agreement. The terms of the sale agreement are plain, concise and unconditional.

Accordingly, the debtor's motion to compel compliance with the plan is denied.

Not for Publication

**Entered: November 29, 2005**

4

/s/ Steven Rhodes
                         **Steven Rhodes**
                         **Chief Bankruptcy Judge**